1 KEVIN W. ALEXANDER (SBN: 175204)
ALLISON L. JONES (SBN: 162976)
2 ajones@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
4 Telephone: (619) 230-7712
Facsimile: (213) 680-4470
5
6 Attorneys for Defendant
THE COOPER COMPANIES, INC.
7
8
9                     UNITED STATES DISTRICT COURT
10                   CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| ROCHELLE VARA, an individual, | CASE NO. 5:21-cv-00943 |
| Plaintiff, | **ANSWER OF DEFENDANT THE COOPER COMPANIES, INC., TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| vs. | |
| TEVA PHARMACEUTICALS, USA, INC.; TEVA WOMEN'S HEALTH, INC., TEVA WOMEN'S HEALTH, LLC; TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC.; THE COOPER COMPANIES, INC.; and COOPERSURGICAL, INC., | |
| Defendants. | |

Defendant THE COOPER COMPANIES, INC. ("Defendant") answers plaintiff's Complaint for Damages ("Complaint") as follows:

1. Defendant denies the allegations in Paragraph 1 of plaintiff's Complaint.

2. Defendant admits only the allegations in Paragraph 2 of plaintiff's Complaint that ParaGard® intrauterine copper contraceptive ("ParaGard"), is indicated for prevention of pregnancy, placed at the fundus of the uterine cavity, and is a pharmaceutical drug regulated by federal law and regulations. Defendant denies all remaining allegations in Paragraph 2 of plaintiff's Complaint.

3. Defendant denies the allegations in Paragraph 3 of plaintiff's

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

Complaint.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 4 of plaintiff's Complaint regarding plaintiff's use of a ParaGard.  Defendant denies that plaintiff suffered injuries as a result of allegedly using ParaGard.  Defendant denies all remaining allegations in Paragraph 4 of plaintiff's Complaint.

5.      Defendant admits only the allegation in Paragraph 5 of plaintiff's Complaint that this action is brought by plaintiff by and through her attorneys. Defendant denies that plaintiff suffered injuries as a result of allegedly using ParaGard.  Defendant denies all remaining allegations in Paragraph 5 of plaintiff's Complaint.

6.      Defendant admits only the allegations in Paragraph 6 of plaintiff's Complaint that ParaGard is indicated for intrauterine contraception and that CooperSurgical, Inc., manufactures and sells ParaGard.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of plaintiff's Complaint regarding plaintiff's use of an IUD and the remaining allegations regarding Teva Pharmaceuticals USA, Inc.; Teva Women's Health, LLC; Teva Women's Health, Inc., and Teva Branded Pharmaceutical Products R&D, Inc.  Defendant denies all remaining allegations in Paragraph 6 Complaint.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of plaintiff's Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of plaintiff's Complaint about plaintiff's alleged use of a ParaGard. Defendant denies all remaining allegations in Paragraph 8 of plaintiff's Complaint.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of plaintiff's Complaint.

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of plaintiff's Complaint.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of plaintiff's Complaint.

12.    Defendant denies the allegation in Paragraph 12 of plaintiff's Complaint that it is proper to refer "collectively" to Teva Women's Health, Inc., and Teva Women's Health, LLC, as "Teva Women's Health."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 12 of plaintiff's Complaint.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of plaintiff's Complaint.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 14 of plaintiff's Complaint.

15.    Defendant admits only the allegations in Paragraph 15 of plaintiff's Complaint that The Cooper Companies, Inc., is a corporation and its principal place of business is located in Pleasanton, California.  Defendant denies all remaining allegations in Paragraph 15 of plaintiff's Complaint.

16.    Defendant admits only the allegations in Paragraph 16 of plaintiff's Complaint that CooperSurgical, Inc., is a corporation and its principal place of business is located on Corporate Drive in Trumbull, Connecticut, and that plaintiff purports to refer to CooperSurgical, Inc., and The Cooper Companies, Inc., collectively as "Cooper Defendants" but Defendant denies that characterization is appropriate or has any legal significance.  Defendant is not answering the Complaint on behalf of any entity other than itself.  Defendant denies all remaining allegations in Paragraph 16 of plaintiff's Complaint.

17.    Defendant denies the allegations in Paragraph 17 of plaintiff's Complaint.

18.    Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 18 of plaintiff's Complaint relating to Teva Pharmaceuticals USA, Inc.; Teva Women's Health, Inc.; Teva Women's Health, LLC; and Teva Branded Pharmaceutical Products R&D, Inc. Defendant denies all remaining allegations in Paragraph 18 of plaintiff's Complaint.

19.    Defendant admits only the allegation in Paragraph 19 of plaintiff's Complaint that plaintiff purports to refer to all defendants named in plaintiff's Complaint collectively as "Defendants" but Defendant denies that characterization is appropriate or has any legal significance. Defendant is not answering the Complaint on behalf of any entity other than itself.

20.    Defendant denies the allegations in Paragraph 20 of plaintiff's Complaint.

21.    The allegations in Paragraph 21 of plaintiff's Complaint are allegations of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21 of plaintiff's Complaint.

22.    Defendant denies the allegation in Paragraph 22 of plaintiff's Complaint that Teva Women's Health, Inc., sold all its assets including the ParaGard to the Cooper Defendants in 2017. Defendant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 22 of plaintiff's Complaint.

23.    Defendant denies the allegations in Paragraph 23 of plaintiff's Complaint.

24.    Defendant denies the allegations in Paragraph 24 of plaintiff's Complaint.

25.    Defendant admits only the allegations in Paragraph 25 of plaintiff's Complaint that ParaGard is indicated for intrauterine contraception and that CooperSurgical, Inc., manufactures and sells ParaGard in the U.S. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 25 of plaintiff's Complaint regarding plaintiff's use of an IUD and regarding Teva Pharmaceuticals USA, Inc.; Teva Women's Health, LLC; Teva Women's Health, Inc.; and Teva Branded Pharmaceutical Products R&D, Inc.  Defendant denies all remaining allegations in Paragraph 25 Complaint.

26.    Defendant admits only the allegation in Paragraph 26 of plaintiff's Complaint that CooperSurgical, Inc., manufactures and sells ParaGard in the U.S. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of plaintiff's Complaint regarding plaintiff's use of an IUD and regarding Teva Pharmaceuticals USA, Inc.; Teva Women's Health, LLC; Teva Women's Health, Inc.; and Teva Branded Pharmaceutical Products R&D, Inc.    Defendant denies all remaining allegations in Paragraph 26 of plaintiff's Complaint.

27.    Defendant denies the allegations in Paragraph 27 of plaintiff's Complaint.

28.    Defendant denies the allegations in Paragraph 28 of plaintiff's Complaint.

29.    Defendant admits the allegation in Paragraph 29 of plaintiff's Complaint.

30.    Defendant admits only the allegations in Paragraph 30 of plaintiff's Complaint that ParaGard is indicated for prevention of pregnancy for up to 10 years and that it does not contain hormones.  Defendant denies all remaining allegations in Paragraph 30 of plaintiff's Complaint.

31.    Defendant admits only the allegations in Paragraph 31 of plaintiff's Complaint that ParaGard includes a T-frame made of polyethylene with barium sulfate to aid in detecting the device under x-ray, that ParaGard should be placed at the fundus of the uterine cavity and that a monofilament polyethylene thread is tied through the tip, resulting in two white threads, to aid in detection and removal of the device.  Defendant denies all remaining allegations in Paragraph 31 of

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

plaintiff's Complaint.

32.     Defendant denies the allegations in Paragraph 32 of plaintiff's Complaint.

33.     Defendant admits only the allegation in Paragraph 33 of plaintiff's Complaint that CooperSurgical, Inc., manufactures and sells ParaGard. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of plaintiff's Complaint regarding Teva Pharmaceuticals USA, Inc.; Teva Women's Health, LLC; Teva Women's Health, Inc.; and Teva Branded Pharmaceutical Product R&D, Inc. Defendant denies all remaining allegations in Paragraph 33 of plaintiff's Complaint.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of plaintiff's Complaint.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of plaintiff's Complaint.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of plaintiff's Complaint.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of plaintiff's Complaint.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of plaintiff's Complaint.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of plaintiff's Complaint.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of plaintiff's Complaint.

41.     Defendant denies the allegations in Paragraph 41 of plaintiff's Complaint.

42.     Defendant admits the allegations in Paragraph 42 of plaintiff's Complaint.

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

43.    Defendant admits only the allegation in Paragraph 43 of plaintiff's Complaint that CooperSurgical, Inc., manufactures and sells ParaGard in the U.S. Defendant denies all remaining allegations in Paragraph 43 of plaintiff's Complaint.

44.    Defendant denies the allegations in Paragraph 44 of plaintiff's Complaint.

45.    Defendant denies the allegations in Paragraph 45 of plaintiff's Complaint.

46.    Defendant denies the allegations in Paragraph 46 of plaintiff's Complaint.

47.    Defendant admits only the allegations in Paragraph 47 of plaintiff's Complaint that the risk of an arm breaking upon removal is described in the federal Food and Drug Administration (FDA) approved labeling for ParaGard IUDs. Defendant denies all remaining allegations in Paragraph 47 of plaintiff's Complaint.

48.    Defendant denies the allegations in Paragraph 48 of plaintiff's Complaint.

49.    Defendant denies the allegations in Paragraph 49 of plaintiff's Complaint.

50.    Defendant denies the allegations in Paragraph 50 of plaintiff's Complaint.

51.    Defendant denies the allegations in Paragraph 51 of plaintiff's Complaint.

52.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of plaintiff's Complaint.

53.    Defendant denies the allegations in Paragraph 53 of plaintiff's Complaint.

54.    The allegations in Paragraph 54 of plaintiff's Complaint are

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

1    allegations of conclusions of law to which no response is required. To the extent a

2    response is required, Defendant denies the allegations in Paragraph 54 of plaintiff's

3    Complaint.

4        55.    Defendant denies the allegation in Paragraph 55 of plaintiff's

5    Complaint that plaintiff was "implanted with Defendants' ParaGard." Defendant

6    lacks knowledge or information sufficient to form a belief as to the truth of the

7    remaining allegations in Paragraph 55 of plaintiff's Complaint.

8        56.    Defendant lacks knowledge or information sufficient to form a belief

9    as to the truth of the allegations in Paragraph 56 of plaintiff's Complaint.

10       57.    Defendant lacks knowledge or information sufficient to form a belief

11    as to the truth of the allegations in Paragraph 57 of plaintiff's Complaint.

12       58.    Defendant lacks knowledge or information sufficient to form a belief

13    as to the truth of the allegations in Paragraph 58 of plaintiff's Complaint about

14    plaintiff's alleged removal of a ParaGard. Defendant denies all remaining

15    allegations in Paragraph 58 of plaintiff's Complaint.

16       59.    Defendant lacks knowledge or information sufficient to form a belief

17    as to the truth of the allegations in Paragraph 59 of plaintiff's Complaint about

18    plaintiff's and unidentified health care providers' state of mind or use of IUDs.

19    Defendant denies all remaining allegations in Paragraph 59 of plaintiff's

20    Complaint.

21       60.    Defendant lacks knowledge or information sufficient to form a belief

22    as to the truth of the allegations in Paragraph 60 of plaintiff's Complaint regarding

23    Teva Pharmaceuticals USA, Inc., Teva Women's Health, Inc., Teva Women's

24    Health, LLC; and Teva Branded Pharmaceutical Products R&D, Inc. Defendant

25    denies all remaining allegations in Paragraph 60 of plaintiff's Complaint.

26       61.    Defendant denies the allegations in Paragraph 61 of plaintiff's

27    Complaint.

28       62.    Defendant denies the allegations in Paragraph 62 of plaintiff's

Complaint.

63.     Defendant denies the allegations in Paragraph 63 of plaintiff's Complaint.

64.     Defendant admits only the allegation in Paragraph 64 of plaintiff's Complaint that CooperSurgical, Inc., manufactures and sells ParaGard in the U.S. Defendant denies all remaining allegations in Paragraph 64 of plaintiff's Complaint.

65.     Defendant denies the allegations in Paragraph 65 of plaintiff's Complaint.

66.     Defendant denies the allegations in Paragraph 66 of plaintiff's Complaint.

67.     Defendant denies the allegations in Paragraph 67 of plaintiff's Complaint.

68.     The allegations in Paragraph 68 of plaintiff's Complaint are allegations of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 68 of plaintiff's Complaint.

69.     The allegations in Paragraph 69 of plaintiff's Complaint are allegations of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69 of plaintiff's Complaint.

70.     Defendant denies the allegations in Paragraph 70 of plaintiff's Complaint.

71.     In response to Paragraph 71 of plaintiff's Complaint, Defendant incorporates by reference and restates as if fully rewritten here its prior responses contained in the preceding Paragraphs of this Answer.

72.     Defendant denies the allegations in Paragraph 72 of plaintiff's Complaint.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

73.    Defendant denies the allegations in Paragraph 73 of plaintiff's Complaint.

74.    Defendant denies the allegations in Paragraph 74 of plaintiff's Complaint.

75.    Defendant denies the allegations in Paragraph 75 of plaintiff's Complaint.

76.    In response to Paragraph 76 of plaintiff's Complaint, Defendant incorporates by reference and restates as if fully rewritten here its prior responses contained in the preceding Paragraphs of this Answer.

77.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of plaintiff's Complaint regarding Teva Pharmaceuticals USA, Inc.; Teva Women's Health, Inc.; Teva Women's Health, LLC, and Teva Branded Pharmaceutical Products R&D, Inc.  Defendant denies all remaining allegations in Paragraph 77 of plaintiff's Complaint.

78.    The allegations in Paragraph 78 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 78 of plaintiff's Complaint.

79.    Defendant denies the allegations in Paragraph 79 of plaintiff's Complaint.

80.    Defendant denies the allegations in Paragraph 80 of plaintiff's Complaint.

81.    Defendant denies the allegations in Paragraph 81 of plaintiff's Complaint.

82.    Defendant denies the allegations in Paragraph 82 of plaintiff's Complaint.

83.    Defendant denies the allegations in Paragraph 83 of plaintiff's Complaint.

84.    Defendant denies the allegations in Paragraph 84 of plaintiff's Complaint.

85.    Defendant denies the allegations in Paragraph 85 of plaintiff's Complaint.

86.    Defendant denies the allegations in Paragraph 86 of plaintiff's Complaint.

87.    Defendant denies the allegations in Paragraph 87 of plaintiff's Complaint.

88.    Defendant denies the allegations in Paragraph 88 of plaintiff's Complaint.

89.    The allegations in Paragraph 89 of plaintiff's Complaint, including subparagraphs a, b, c, d, e, f, g, h, i, j, k, l, m and n, are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 89 of plaintiff's Complaint, including subparagraphs a, b, c, d, e, f, g, h, i, j, k, l, m and n.

90.    Defendant denies the allegations in Paragraph 90 of plaintiff's Complaint.

91.    Defendant denies the allegations in Paragraph 91 of plaintiff's Complaint.

92.    The allegations in Paragraph 92 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 92 of plaintiff's Complaint, including all allegations and demands in the paragraph beginning with "WHEREFORE" following Paragraph 92 of plaintiff's Complaint.  Defendant further denies that it is liable to plaintiff for any sum whatsoever.

93.    In response to Paragraph 93 of plaintiff's Complaint, Defendant incorporates by reference and restates as if fully rewritten here its prior responses contained in the preceding Paragraphs of this Answer.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

94. Defendant denies the allegations in Paragraph 94 of plaintiff's Complaint.

95. Defendant denies the allegations in Paragraph 95 of plaintiff's Complaint.

96. Defendant denies the allegations in Paragraph 96 of plaintiff's Complaint.

97. Defendant denies the allegations in Paragraph 97 of plaintiff's Complaint.

98. Defendant denies the allegations in Paragraph 98 of plaintiff's Complaint.

99. Defendant denies the allegations in Paragraph 99 of plaintiff's Complaint.

100. Defendant denies the allegations in Paragraph 100 of plaintiff's Complaint.

101. Defendant denies the allegations in Paragraph 101 of plaintiff's Complaint.

102. Defendant denies the allegations in Paragraph 102 of plaintiff's Complaint.

103. The allegations in Paragraph 103 of plaintiff's Complaint are allegations of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 103 of plaintiff's Complaint, including all allegations and demands in the paragraph beginning with "WHEREFORE" following Paragraph 103 of plaintiff's Complaint. Defendant further denies that it is liable to plaintiff for any sum whatsoever.

104. In response to Paragraph 104 of plaintiff's Complaint, Defendant incorporates by reference and restates as if fully rewritten here its prior responses contained in the preceding Paragraphs of this Answer.

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of plaintiff's Complaint.

106.    Defendant denies the allegations in Paragraph 106 of plaintiff's Complaint.

107.    Defendant admits only the allegations in Paragraph 107 of plaintiff's Complaint that the risk of an arm breaking upon removal is described in the federal Food and Drug Administration (FDA) approved labeling for ParaGard IUDs. Defendant denies all remaining allegations in Paragraph 107 of plaintiff's Complaint.

108.    The allegations in Paragraph 108 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 108 of plaintiff's Complaint.

109.    Defendant denies the allegations in Paragraph 109 of plaintiff's Complaint.

110.    Defendant denies the allegations in Paragraph 110 of plaintiff's Complaint.

111.    Defendant denies the allegations in Paragraph 111 of plaintiff's Complaint.

112.    Defendant denies the allegations in Paragraph 112 of plaintiff's Complaint.

113.    Defendant denies the allegations in Paragraph 113 of plaintiff's Complaint.

114.    Defendant denies the allegations in Paragraph 114 of plaintiff's Complaint.

115.    Defendant denies the allegations in Paragraph 115 of plaintiff's Complaint.

116.    The allegations in Paragraph 116 of plaintiff's Complaint are

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

allegations of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 116 of plaintiff's Complaint, including all allegations and demands in the paragraph beginning with "WHEREFORE" following Paragraph 116 of plaintiff's Complaint. Defendant further denies that it is liable to plaintiff for any sum whatsoever.

117. In response to Paragraph 117 of plaintiff's Complaint, Defendant incorporates by reference and restates as if fully rewritten here its prior responses contained in the preceding Paragraphs of this Answer.

118. Defendant denies the allegations in Paragraph 118 of plaintiff's Complaint.

119. Defendant denies the allegations in Paragraph 119 of plaintiff's Complaint.

120. Defendant denies the allegations in Paragraph 120 of plaintiff's Complaint.

121. Defendant denies the allegations in Paragraph 121 of plaintiff's Complaint, including subparagraphs a, b, c, d, e, f, g, h, i, j and k.

122. The allegations in Paragraph 122 of plaintiff's Complaint are allegations of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 122 of plaintiff's Complaint.

123. Defendant denies the allegations in Paragraph 123 of plaintiff's Complaint.

124. Defendant denies the allegations in Paragraph 124 of plaintiff's Complaint.

125. Defendant denies the allegations in Paragraph 125 of plaintiff's Complaint.

126. Defendant denies the allegations in Paragraph 126 of plaintiff's

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

Complaint.

127. Defendant denies the allegations in Paragraph 127 of plaintiff's Complaint.

128. Defendant denies the allegations in Paragraph 128 of plaintiff's Complaint.

129. Defendant denies the allegations in Paragraph 129 of plaintiff's Complaint.

130. The allegations in Paragraph 130 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 130 of plaintiff's Complaint.

131. Defendant denies the allegations in Paragraph 131 of plaintiff's Complaint.

132. Defendant denies the allegations in Paragraph 132 of plaintiff's Complaint.

133. Defendant denies the allegations in Paragraph 133 of plaintiff's Complaint.

134. Defendant denies the allegations in Paragraph 134 of plaintiff's Complaint.

135. Defendant denies the allegations in Paragraph 135 of plaintiff's Complaint.

136. Defendant denies the allegations in Paragraph 136 of plaintiff's Complaint.

137. Defendant denies the allegations in Paragraph 137 of plaintiff's Complaint.

138. The allegations in Paragraph 138 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 138 of

plaintiff's Complaint, including all allegations and demands in the paragraph beginning with "WHEREFORE" following Paragraph 138 of plaintiff's Complaint.  Defendant further denies that it is liable to plaintiff for any sum whatsoever.

139.   In response to Paragraph 139 of plaintiff's Complaint, Defendant incorporates by reference and restates as if fully rewritten here its prior responses contained in the preceding Paragraphs of this Answer.

140.   Defendant denies the allegations in Paragraph 140 of plaintiff's Complaint.

141.   Defendant denies the allegations in Paragraph 141 of plaintiff's Complaint.

142.   Defendant denies the allegations in Paragraph 142 of plaintiff's Complaint.

143.   The allegations in Paragraph 143 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 143 of plaintiff's Complaint.

144.   Defendant denies the allegations in Paragraph 144 of plaintiff's Complaint.

145.   Defendant denies the allegations in Paragraph 145 of plaintiff's Complaint.

146.   Defendant denies the allegations in Paragraph 146 of plaintiff's Complaint.

147.   Defendant denies the allegations in Paragraph 147 of plaintiff's Complaint.

148.   Defendant denies the allegations in Paragraph 148 of plaintiff's Complaint.

149.   Defendant denies the allegations in Paragraph 149 of plaintiff's

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

1  Complaint.

2  150. Defendant denies the allegations in Paragraph 150 of plaintiff's

3  Complaint.

4  151. Defendant denies the allegations in Paragraph 151 of plaintiff's

5  Complaint.

6  152. Defendant denies the allegations in Paragraph 152 of plaintiff's

7  Complaint.

8  153. Defendant denies the allegations in Paragraph 153 of plaintiff's

9  Complaint.

10  154. Defendant denies the allegations in Paragraph 154 of plaintiff's

11  Complaint.

12  155. Defendant denies the allegations in Paragraph 154 of plaintiff's

13  Complaint.

14  156. The allegations in Paragraph 156 of plaintiff's Complaint are

15  allegations of conclusions of law to which no response is required. To the extent a

16  response is required, Defendant denies the allegations in Paragraph 156 of

17  plaintiff's Complaint, including all allegations and demands in the paragraph

18  beginning with "WHEREFORE" following Paragraph 156 of plaintiff's

19  Complaint. Defendant further denies that it is liable to plaintiff for any sum

20  whatsoever.

21  157. In response to Paragraph 157 of plaintiff's Complaint, Defendant

22  incorporates by reference and restates as if fully rewritten here its prior responses

23  contained in the preceding Paragraphs of this Answer.

24  158. Defendant denies the allegations in Paragraph 158 of plaintiff's

25  Complaint.

26  159. Defendant denies the allegations in Paragraph 159 of plaintiff's

27  Complaint.

28  160. The allegations in Paragraph 160 of plaintiff's Complaint are

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

allegations of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 160 of plaintiff's Complaint.

161. Defendant denies the allegations in Paragraph 161 of plaintiff's Complaint.

162. Defendant denies the allegations in Paragraph 162 of plaintiff's Complaint, including subparagraphs l, m and n.

163. Defendant denies the allegations in Paragraph 163 of plaintiff's Complaint.

164. Defendant denies the allegations in Paragraph 164 of plaintiff's Complaint.

165. Defendant denies the allegations in Paragraph 165 of plaintiff's Complaint.

166. Defendant denies the allegations in Paragraph 166 of plaintiff's Complaint.

167. Defendant denies the allegations in Paragraph 167 of plaintiff's Complaint.

168. Defendant denies the allegations in Paragraph 168 of plaintiff's Complaint.

169. The allegations in Paragraph 169 of plaintiff's Complaint are allegations of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 169 of plaintiff's Complaint, including all allegations and demands in the paragraph beginning with "WHEREFORE" following Paragraph 169 of plaintiff's Complaint. Defendant further denies that it is liable to plaintiff for any sum whatsoever.

170. In response to Paragraph 170 of plaintiff's Complaint, Defendant incorporates by reference and restates as if fully rewritten here its prior responses

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

contained in the preceding Paragraphs of this Answer.

171.   The allegations in Paragraph 171 of plaintiff's Complaint are not directed to Defendant, and, therefore, no response by this Defendant is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of plaintiff's Complaint.

172.   The allegations in Paragraph 172 of plaintiff's Complaint are not directed to Defendant, and, therefore, no response by this Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 172 of plaintiff's Complaint.

173.   Defendant denies the allegations in Paragraph 173 of plaintiff's Complaint.

174.   The allegations in Paragraph 174 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 174 of plaintiff's Complaint.

175.   Defendant denies the allegations in Paragraph 175 of plaintiff's Complaint.

176.   Defendant denies the allegations in Paragraph 176 of plaintiff's Complaint, including subparagraphs a, b, and c.

177.   Defendant denies the allegations in Paragraph 177 of plaintiff's Complaint.

178.   The allegations in Paragraph 178 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 178 of plaintiff's Complaint.

179.   Defendant denies the allegations in Paragraph 179 of plaintiff's Complaint.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

180.    The allegations in Paragraph 180 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 180 of plaintiff's Complaint, including all allegations and demands in the paragraph beginning with "WHEREFORE" following Paragraph 180 of plaintiff's Complaint.  Defendant further denies that it is liable to plaintiff for any sum whatsoever.

181.    In response to Paragraph 181 of plaintiff's Complaint, Defendant incorporates by reference and restates as if fully rewritten here its prior responses contained in the preceding Paragraphs of this Answer.

182.    Defendant denies the allegations in Paragraph 182 of plaintiff's Complaint.

183.    Defendant denies the allegations in Paragraph 183 of plaintiff's Complaint.

184.    Defendant denies the allegations in Paragraph 184 of plaintiff's Complaint.

185.    Defendant denies the allegations in Paragraph 185 of plaintiff's Complaint, including subparagraphs a, b, and c.

186.    Defendant denies the allegations in Paragraph 186 of plaintiff's Complaint.

187.    The allegations in Paragraph 187 of plaintiff's Complaint are allegations of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 187 of plaintiff's Complaint.

188.    Defendant denies the allegations in Paragraph 188 of plaintiff's Complaint.

189.    Defendant denies the allegations in Paragraph 189 of plaintiff's Complaint.

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

190. Defendant denies the allegations in Paragraph 190 of plaintiff's Complaint.

191. Defendant denies the allegations in Paragraph 191 of plaintiff's Complaint.

192. Defendant denies the allegations in Paragraph 192 of plaintiff's Complaint.

193. Defendant denies the allegations in Paragraph 193 of plaintiff's Complaint.

194. Defendant denies the allegations in Paragraph 194 of plaintiff's Complaint.

195. Defendant denies the allegations in Paragraph 195 of plaintiff's Complaint.

196. Defendant denies the allegations in Paragraph 196 of plaintiff's Complaint.

197. Defendant denies the allegations in Paragraph 197 of plaintiff's Complaint.

198. Defendant denies the allegations in Paragraph 198 of plaintiff's Complaint.

199. Defendant denies the allegations in Paragraph 199 of plaintiff's Complaint.

200. Defendant denies the allegations in Paragraph 200 of plaintiff's Complaint.

201. Defendant denies the allegations in Paragraph 201 of plaintiff's Complaint.

202. Defendant denies the allegations in Paragraph 202 of plaintiff's Complaint.

203. The allegations in Paragraph 203 of plaintiff's Complaint are allegations of conclusions of law to which no response is required. To the extent a

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

1  response is required, Defendant denies the allegations in Paragraph 203 of
2  plaintiff's Complaint, including all allegations and demands in the paragraph
3  beginning with "WHEREFORE" following Paragraph 203 of plaintiff's
4  Complaint.  Defendant further denies that it is liable to plaintiff for any sum
5  whatsoever.

6     204.  Defendant denies the allegations in Paragraph 204 of plaintiff's
7  Complaint, including subparagraphs a, b, c, d, e, f, g, h, i, j, k, l, m, and n.
8  Defendant further denies that it is liable to plaintiffs for any sum whatsoever.
9  Defendant denies any allegation in plaintiff's Complaint not specifically admitted
10 in this Answer.

## DEFENSES

12    Defendant asserts that it has been fraudulently joined to this action for the
13 attempted purpose of defeating federal diversity jurisdiction.    Nevertheless,
14 without waiving that assertion and without asserting any burdens that it would not
15 otherwise bear, Defendant asserts the following additional defenses to the
16 Complaint:

### FIRST DEFENSE

18    The Complaint fails in whole or in part to state a claim upon which relief can
19 be granted.

### SECOND DEFENSE

21    The Complaint is barred because the Court lacks personal jurisdiction over
22 Defendant.

### THIRD DEFENSE

24    Plaintiff's Complaint should be dismissed or transferred due to improper
25 venue and/or inconvenient venue.

### FOURTH DEFENSE

27    The Complaint is barred in whole or in part by the applicable statute of
28 limitations and/or statutes of repose.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

**FIFTH DEFENSE**

Plaintiff has failed to join all necessary and appropriate parties.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or part, because Plaintiff is not the real party in interest.

**SEVENTH DEFENSE**

Plaintiff lacks standing to assert claims alleged in the Complaint.

**EIGHTH DEFENSE**

Plaintiff lacks capacity to assert claims alleged in the Complaint.

**NINTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands, laches, waiver and/or estoppel.

**TENTH DEFENSE**

The prescription product at issue was formulated, designed, tested, manufactured, processed, distributed, and labeled in accordance with the provisions of the federal Food, Drug and Cosmetic Act and any amendments. Therefore, the Complaint is barred or preempted by federal law pursuant to the Supremacy Clause of the United States Constitution and the laws of the United States.

**ELEVENTH DEFENSE**

Plaintiff's causes of action are barred by the doctrine of primary jurisdiction.

**TWELFTH DEFENSE**

Any communications and/or actions between Defendant and the United States Food and Drug Administration and/or any governmental agency or entity are constitutionally protected under the Noerr-Pennington Doctrine and the First Amendment to the United States Constitution.

**THIRTEENTH DEFENSE**

ParaGard at all times conformed to the state of the art and the trade and

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

custom in the industry as they existed at the time and complied with applicable codes and regulations.

### FOURTEENTH DEFENSE

The benefits and utility of ParaGard outweigh the risk of danger or harm, if any, inherent in the product.

### FIFTEENTH DEFENSE

Plaintiff is barred from recovering any damages because any alleged harm was caused by an inherent characteristic of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability.

### SIXTEENTH DEFENSE

The product at issue in plaintiff's Complaint was modified, altered, or changed from the condition in which it was sold, which modification, alteration, or change caused or contributed to cause plaintiff's alleged damages.

### SEVENTEENTH DEFENSE

The injuries and damaged claimed by plaintiff resulted from plaintiff's conduct so that plaintiff's Complaint is barred, in whole or in part, by the comparative negligence, fault, responsibility or causation attributed to plaintiff. Thus, plaintiff's Complaint should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence. Plaintiff's recovery of damages, if any exist, must be reduced by the comparative negligence and/or fault of plaintiff and/or other persons, including responsible non-parties, pursuant to California law. Plaintiff's alleged damages, if any, were not caused or contributed to in any manner by any fault or negligence by Defendant.

### EIGHTEENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because the injuries and damages claimed by plaintiff were caused, in whole or in part, by the acts or omissions of persons other than Defendant, over whom Defendant had no control.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

Alternatively, any recovery by plaintiff should be apportioned in accordance with applicable law.

### NINETIETH DEFENSE

Plaintiff is barred from recovering alleged damages, if any, against Defendant because any such damages were caused solely by or contributed to by the act and fault of third parties for whom this Defendant is not liable or responsible, and were not caused or contributed to by any act or fault of this Defendant.

### TWENTIETH DEFENSE

Plaintiff's physicians and other medical care providers and their agents, servants, and employees were sophisticated users and learned intermediaries who had a duty to warn plaintiff of any alleged potential complications that might result from the product alleged to be at issue in this litigation. Plaintiff's physicians and other medical care providers possessed adequate information concerning warnings, precautions, and potential complications for those physicians and other medical care providers to assess the risks versus benefits of the product alleged to be at issue in this litigation. Therefore, plaintiff's claims are barred.

### TWENTY-FIRST DEFENSE

There is no responsibility for either the acts or omissions of the knowledgeable users or misinformation or lack of information provided to plaintiff by others.

### TWENTY-SECOND DEFENSE

Plaintiff's damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding events beyond the control, and unrelated to the conduct of Defendant. The actions and omissions of Defendant, if any, were superseded by such unforeseeable, independent, intervening, and superseding events.

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

### TWENTY-THIRD DEFENSE

Plaintiff is at fault, and such fault was either the sole or at least a proximate cause of her claimed injuries and/or damages. Such fault should bar or reduce proportionally plaintiff's recovery, if any, in accordance with California, and interpretative case law.

### TWENTY-FOURTH DEFENSE

Any injuries or damages sustained by plaintiff were directly and proximately caused by the failure of plaintiff to heed warnings and instructions. Therefore, no recovery is available to plaintiff.

### TWENTY-FIFTH DEFENSE

Plaintiff's misuse of the product, which was not reasonably foreseeable, caused plaintiff's alleged damages, if any, and plaintiff's claims therefore may be barred or reduced by applicable law.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent the injuries alleged in the Complaint were caused or enhanced by pre-existing or unrelated medical, environmental, or psychiatric conditions, diseases or illnesses, by plaintiff's own idiosyncratic reactions, and/or by operation of nature.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred on the grounds that plaintiff knew, through communications with her prescribing physician(s) and/or product labeling, or in the exercise ordinary care should have known, of the risks of the injuries or damages alleged in the Complaint, and nevertheless, did freely and voluntarily assume said risks, and in this undertaking proximately caused and contributed to the losses, injuries, or damage, if any, alleged by plaintiff.

### TWENTY-EIGHTH DEFENSE

Plaintiff assumed all risks attendant with the use of the product at issue in plaintiff's Complaint in a manner other than directed.

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

### TWENTY-NINTH DEFENSE

Plaintiff failed to exercise ordinary care under the circumstances in using the product and such failure was the substantial cause of the occurrence that caused injury or damage, if any, to plaintiff.

### THIRTIETH DEFENSE

Plaintiff's claims are barred by the learned-intermediary doctrine.

### THIRTY-FIRST DEFENSE

If plaintiff suffered or sustained any injuries, loss, or damage as a result of the alleged incident referred to in plaintiff's Complaint, the same were a direct result of plaintiff's failure to follow the reasonable advice of healthcare providers.

### THIRTY-SECOND DEFENSE

To the extent plaintiff's claims are based on alleged misrepresentations, plaintiff did not rely on any representations by Defendant and could not have justifiably relied on any such representations.

### THIRTY-THIRD DEFENSE

To the extent plaintiff's claims are based on allegations of fraud or other misrepresentations, plaintiff has failed to plead such allegations with sufficient particularity.

### THIRTY-FOURTH DEFENSE

To the extent plaintiff's claims are based upon alleged misrepresentations or omissions made to the FDA, such claims are barred by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001) and 21 U.S.C. § 337(a).

### THIRTY-FIFTH DEFENSE

The strict liability cause of action alleged in plaintiff's Complaint is subject to the limitations set forth in Restatement (Second) of Torts, Section 402A, Comment K, and *Brown v. Superior Court*, 44 Cal. 3d 1049 (1988). Defendant adopts and relies upon all provisions and defenses afforded it under Restatement (Second) of Torts, § 402A, including the comments thereto.

**THIRTY-SIXTH DEFENSE**

Defendant adopts and relies upon all defenses provided in sections 2, 4, and 6 of the Restatement (Third) of Torts: Product Liability.

**THIRTY-SEVENTH DEFENSE**

Defendant incorporates all defenses available under California's product liability law.

**THIRTY-EIGHTH DEFENSE**

The ParaGard allegedly placed into plaintiff was not in an unreasonably dangerous condition and was not defective in manufacture, design, construction, or formulation.

**THIRTY-NINTH DEFENSE**

Defendant had no duty to warn about any possible dangers that were not known at the time of manufacture and sale of the product in question.

**FORTIETH DEFENSE**

Plaintiff's claims are barred, in whole or part, because her ParaGard IUD was properly manufactured and contained adequate warnings and its benefits justified any risks and the product was at the time of manufacture and distribution incapable of being made more safe.

**FORTY-FIRST DEFENSE**

Plaintiff's warranty causes of actions are barred because plaintiff failed to comply with applicable notice requirements.  Plaintiff also did not plead that timely notice of the alleged breach was given.

**FORTY-SECOND DEFENSE**

Plaintiff's warranty causes of actions are barred because Defendant did not make any express or implied warranties to plaintiff.

**FORTY-THIRD DEFENSE**

Plaintiff's warranty causes of action are barred to the extent they seek damages for any alleged personal injury.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

### FORTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant did not manufacture the ParaGard IUD allegedly placed in plaintiff.

### FORTY-FIFTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the provisions of the Song-Beverly Consumer Act, Cal. Civ. Code §§ 1790-1795.9.

### FORTY-SIXTH DEFENSE

The liability of defendant, if any, in this action is subject to the limitations set forth in the Fair Responsibility Act of 1986, Cal. Civ. Code §§ 1431-1431.5.

### FORTY-SEVENTH DEFENSE

The liability of defendant, if any, for plaintiff's non-economic loss must be allocated in accordance with the provisions of California Civil Code § 1431.2.

### FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the California anti-SLAPP Statute, Cal Civ. Proc. Code § 425.160.

### FORTY-NINTH DEFENSE

Any advertisements and labeling with respect to ParaGard were not false or misleading and, therefore, constituted protected commercial speech under the United States Constitution and the California Constitution.

### FIFTIETH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to any other applicable limitations of awards, caps on recovery, and set-offs permitted by law, including, but not limited to, California law regarding noneconomic loss or injury, and applicable California law related to amounts paid or provided by collateral sources.

### FIFTY-FIRST DEFENSE

Any fault on the part of Defendant, which is denied, was not the proximate cause of and did not contribute to any or all of plaintiff's alleged damages.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

**FIFTY-SECOND DEFENSE**

If plaintiff sustained damages as alleged in the Complaint, which is denied, plaintiff failed to mitigate her damages.

**FIFTY-THIRD DEFENSE**

The damages claimed by plaintiff are too remote, speculative, and/or contingent to be legally compensable.

**FIFTY-FOURTH DEFENSE**

If plaintiff sustained damages as alleged in the Complaint, which is denied, plaintiff failed to mitigate her damages.

**FIFTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, from recovery due to spoliation of evidence.

**FIFTY-SIXTH DEFENSE**

To the extent that the claims stated in the Complaint have been settled, compromised, or otherwise discharged, a set off is due.

**FIFTY-SEVENTH DEFENSE**

Defendant pleads all rights and defenses afforded to it under California law, the United States Constitution, the California Constitution, California law, and/or other applicable state law.

**FIFTY-EIGHTH DEFENSE**

The injuries or damages sustained by plaintiff, if any, may be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained.

**FIFTY-NINTH DEFENSE**

To the extent plaintiff seeks exemplary or punitive damages, plaintiff failed to plead with particularity.

**SIXTIETH DEFENSE**

To the extent plaintiffs seek exemplary or punitive damages, such damages

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United
States Constitution; the Pennsylvania Constitution; the California Constitution, and
are improper under common law and public policies of Pennsylvania, California
and/or other applicable statutes or court rules.

### SIXTY-FIRST DEFENSE

To the extent that plaintiff seeks exemplary or punitive damages, any such
damages are barred because ParaGard and its labeling were subject to and received
pre-market approval by the FDA under the Federal Food, Drug, and Cosmetic Act,
21 U.S.C. § 301, et seq.

### SIXTY-SECOND DEFENSE

Punitive damages awards are unconstitutional because they are penal in
nature, yet defendants in civil actions are not afforded the same procedural
safeguards accorded to criminal and other defendants under the Fourth, Fifth,
Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.
Therefore, plaintiff cannot recover punitive damages.

### SIXTY-THIRD DEFENSE

To the extent plaintiff seeks exemplary or punitive damages, Defendant
specifically incorporates by reference all standards and/or limitations regarding the
determination and enforceability of punitive damage awards which arise in the
decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper
Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State
Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1519, 1521 (2003).

### SIXTY-FOURTH DEFENSE

No punitive damages can be awarded in this case under the due process
clause of the Fourteenth Amendment to the United States Constitution and the
Constitution, laws and public policy of Pennsylvania, California, or other
applicable law that are not subject to a predetermined limit on the amount that can
be imposed, such as a maximum multiple of compensatory damages or a maximum

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

-31-

amount, and/or limits to ensure against multiple awards for the same course of conduct.

### SIXTY-FIFTH DEFENSE

No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, laws and public policy of Pennsylvania, California, or other applicable law because laws regarding the standards for determining liability for punitive damages fail to give Defendant prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

### SIXTY-SIXTH DEFENSE

No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, laws and public policy of Pennsylvania, California, or other applicable law insofar as such award results in whole or in part from improper or unfair argument by plaintiffs, including without limitation as to Defendant's wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

### SIXTY-SEVENTH DEFENSE

With respect to plaintiff's demand for punitive or exemplary damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive or exemplary damages awards under federal law and applicable state law, including, but not limited to, the laws of Pennsylvania, California, or other applicable law.

### SIXTY-EIGHTH DEFENSE

Defendant has not knowingly or intentionally waived any applicable defenses and serves the right to assert and rely on any other applicable defense as may become available or apparent during the course of this litigation. Defendant further incorporates the defenses of all others who may become parties to this

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA 90071

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

action as though fully set forth herein.

## **DEMAND FOR JURY TRIAL**

Defendant THE COOPER COMPANIES, INC., hereby demands a trial by jury.

## **REQUEST FOR RELIEF**

The Cooper Companies, Inc., respectfully requests that this Court:

1.    Dismiss plaintiff's Complaint with prejudice and without costs to The Cooper Companies, Inc.;

2.    Award to The Cooper Companies, Inc., its costs and attorneys' fees incurred in the defense of this action; and

3.    Award to The Cooper Companies, Inc., such other relief as this Court deems just and equitable.

Dated:  June 3, 2021                    GORDON REES SCULLY
                                        MANSUKHANI, LLP


                                        By:    /s/ Allison L. Jones
                                               Kevin W. Alexander
                                               Allison L. Jones
                                               Attorneys for Defendant
                                               THE COOPER COMPANIES,
                                               INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2021 a true and correct copy of the ANSWER OF DEFENDANT THE COOPER COMPANIES, INC., TO PLAINTIFF'S COMPLAINT FOR DAMAGES was e-filed with the Clerk of the Court by using the CM/ECF system, which effectuated service upon all counsel of record.

/s/ Allison L. Jones
Allison L. Jones

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street 52dn Floor
Los Angeles, CA  90071

ANSWER OF DEFENDANT THE COOPER COMPANIES, INC.